IN THE UNITED STATES DISTRICT COURT
FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

WAHEED SHANABO,                    :
                                   :
          Petitioner               :
                                   :
     v.                            :   CIVIL NO. 3:CV-16-854
                                   :
LORETTA LYNCH, ET AL.,             :   (Judge Conaboy)
                                   :
          Respondents              :

FILED
SCRANTON

JUN 0 2 2016

PER _____
DEPUTY CLERK

## MEMORANDUM
### Background

Waheed Shanabo filed this pro se petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 while detained by the Bureau of Immigration and Customs Enforcement (ICE) at the York County Prison, York, Pennsylvania.  Named as Respondents are various federal officials and Warden Mary Sabol of the York County Prison.  Service of the petition was previously ordered.

According to the Petition, Shanabo is a native and citizen of Syria who initially entered the United States on March 17, 2015 and stayed for 13 days on a visa.  His visa was revoked on April 7, 2015.  Petitioner reentered the United States on May 12, 2015 and applied for asylum.  He was taken into ICE custody at that time.  His request for asylum was denied on November 5, 2015 by an Immigration Judge who also ordered his removal from the United States.  Petitioner's pending § 2241 petition

1

challenges his indefinite detention pending removal under the standards announced in <u>Zadvydas v. Davis</u>, 533 U.S. 678 (2001).

## **Discussion**

On June 2, 2016, Respondent filed a response to the petition.  The response states that Petitioner was released from ICE detention on May 27, 2016 pursuant to an order of supervision.  <u>See</u> Doc. 6, p. 1.  Accordingly, Respondent contends that since Petitioner has been afforded the sole relief sought by his pending action, dismissal on the basis of mootness is appropriate.

The case or controversy requirement of Article III, § 2 of the United States Constitution subsists through all stages of federal judicial proceedings.  Parties must continue to have a "'personal stake in the outcome' of the lawsuit." <u>Lewis v. Continental Bank Corp.</u>, 494 U.S. 472, 477-78 (1990); <u>Preiser v. Newkirk</u>, 422 U.S. 395, 401 (1975).  In other words, throughout the course of the action, the aggrieved party must suffer or be threatened with actual injury caused by the defendant.  <u>Lewis</u>, 494 U.S. at 477.

The adjudicatory power of a federal court depends upon "the <u>continuing</u> existence of a live and acute controversy." <u>Steffel v. Thompson</u>, 415 U.S. 452, 459 (1974) (emphasis in original).

"The rule in federal cases is that an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." Id. at n.10 (citations omitted).  "Past exposure to illegal conduct is insufficient to sustain a present case or controversy ... if unaccompanied by continuing, present adverse effects." Rosenberg v. Meese, 622 F. Supp. 1451, 1462 (S.D.N.Y. 1985) (citing O'Shea v. Littleton, 414 U.S. 488, 495-96 (1974)); see also Gaeta v. Gerlinski, Civil No. 3:CV-02-465, slip op. at p. 2 (M.D. Pa. May 17, 2002) (Vanaskie, C.J.).

As relief, Shanabo sought his immediate release from ICE detention.  A submitted copy of an Order of Supervision issued by ICE in Petitioner's case confirms that he has been granted release from detention. See Doc. 6-1.  Since Petitioner has been afforded the relief sought by his pending action, under the principles set forth in Steffel, Shanabo's instant petition is subject to dismissal as moot since it no longer presents an existing case or controversy.  An appropriate Order will enter.

RICHARD P. CONABOY
United States District Judge

DATED: JUNE 1st, 2016

3